UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ENRICO TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-409 RLW |
| ) | |
| LEADEC CORP., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Enrico Taylor for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion for leave to proceed in forma pauperis, the Court will grant the motion. In addition, for the reasons discussed below, the Court will dismiss the complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915, the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the

complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## The Complaint

Plaintiff states that he brings this action on behalf of himself and his mother who previously worked for Leadec Corporation. Plaintiff claims that defendant Leadeac, wrongfully

terminated his mother "based upon her FMLA protected status but also extortionally [sic] threatened plaintiff during pre-litigation."

Plaintiff claims that after his mother was terminated from Leadec he went to the company and "informed the defendant's" attorney, Megan Glowacki, that his mother was suffering from a blood clot and could not afford medication to treat the clot after her termination and loss of insurance. Plaintiff claims he utilized his "constitutional rights" to tell defendant Glowacki that he was "pre-litigating" the issue with Leadec and hold the corporate officers responsible for terminating his mother in violation of the FMLA, and Glowacki threatened to call the police on plaintiff.

Plaintiff states that he stopped "pre-litigating" because he feared the police being called on him as a result of Glowacki's threats. Thus, Leadec was able to stop plaintiff from holding the corporate officers responsible for terminating plaintiff's mother.

Plaintiff request $1,000,000 in damages for "intentionally inflicting emotional distress damages on the plaintiff who fought to save his mother's life that was wrongfully terminated" by a Human Resource Representative plaintiff believes acted in bad faith.[1]

## Discussion

On the front of plaintiff's complaint form he asserts that he is bringing claims for intentional infliction of emotional distress and "extortion". As noted *supra*, plaintiff may only bring claims on behalf of himself. Neither of the aforementioned claims establish a violation of a

---

[1] Plaintiff admits that his mother was reinstated to her position at Leadec. Plaintiff focuses on, however, the actions of Human Resource Representative, Cheryl Hertfelder, in relation to his mother. Hertfelder has not been named as a defendant in this action. To the extent plaintiff is attempting to bring claims on behalf of his mother in this lawsuit, the Court will decline to allow him to do so. Plaintiff lacks standing to bring claims on behalf of others, and he does not allege, nor is it apparent, that he is a licensed attorney. Only a licensed attorney may represent another party in federal court. *See* 28 U.S.C. § 1915(e); *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not licensed to practice law may not represent another individual in federal court).

3

federally protected right. Therefore, plaintiff must allege that the Court has diversity jurisdiction over both of defendants.

Plaintiff alleges that the parties are diverse. However, he alleges that the actual damages total only $3,000. He asserts that punitive damages approximate $997,000 "due to the emotional distress cause by the plaintiff not knowing if his mother would die due to the illegal and discriminatory actions of the defendant plus the anti-slap measures use for fear."

However, the facts alleged in the complaint do not appear to provide an adequate foundation for plaintiff's belief that his punitive damages are properly measured at such an amount or are even sufficient to meet the amount in controversy requirement at all. Regardless, the Court will move on to the sufficiency of plaintiff's allegations within his complaint.

To the extent plaintiff is attempting to plead a state law claim for extortion under Missouri law, his claim fails. *See* Mo.Rev.Stat. § 566.200. The crime of extortion exists when someone forces another person to do something against their will and in order to obtain, or attempt to obtain, money, property, or some advantage.

In Missouri, extortion laws are covered only under criminal statutes that defined the offenses under the definitions of "blackmail" and "coercion." A prosecutor has the discretion to determine whether a defendant has committed a crime that involves making threats to reveal potentially damaging information or threats to intimidate or place the victims in fear. Such criminal laws in Missouri include: revenge porn, blackmail, coercion, commercial bribery and sports bribery. There is no civil law of extortion in the state of Missouri. *See, e.g., Lafferty v Rhudy*, 878 S.W.2d 833, 835 (Mo.Ct.App. 1994) ("A statute which creates a criminal offense and provides a penalty for its violation will not be construed as created a new civil cause of action independently of the common law, unless such appears by express terms or by clear

4

implication to have been the legislative intent."). Thus, plaintiff has not stated a claim for relief for extortion in this action.[2]

Under Missouri law, the tort of intentional infliction of emotional distress has four elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress. *See Polk v. Inroads/St. Louis, Inc.,* 951 S.W.2d 646, 648 (Mo. Ct. App. 1997). "Although case law does not provide us with a precise definition of extreme and outrageous, the test adopted by Missouri courts for actionable conduct is that the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (internal quotations omitted). Additionally, the conduct must be "intended only to causes extreme emotional distress to the victim." *See Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997).

Although plaintiff's mother may have suffered at some point in the process relating to her termination and subsequent rehire at Leadec, those injuries related to plaintiff's mother and not plaintiff. Plaintiff cannot usurp his mother's injuries relating to her employment discrimination lawsuit and attempt to take them as his own in the present lawsuit. He must bring only his own cause of action in this lawsuit.

Plaintiff has not alleged that the police were called on him by defendant Glowacki such that he had a reason to be extremely emotionally distressed. And plaintiff's assertions regarding

---

[2]To the extent plaintiff is asserting a RICO claim against defendants, his claim also fails. To state a civil RICO claim, plaintiff must plead, *inter alia*, that the defendants engaged in a pattern of racketeering activity. *Wisdom v. First Midwest Bank of Poplar* Bluff, 167 F.3d 402, 406 (8th Cir. 1999) (citation omitted). The term "racketeering activity" includes a variety of criminal offenses under state and federal law, including murder, kidnaping, gambling, arson, robbery, bribery, extortion, and obstruction of justice. 18 U.S.C. § 1961(1). There are no facts in the complaint indicating a pattern of racketeering activity by defendants.

5

his mother's purported blood clot, her loss of time at work and his responsibility to pay for her time off are insufficiently plead to show that such facts were caused by defendants and in fact caused him severe and outrageous emotional distress. *See Iqbal*, 556 U.S. at 678; *see also Peterson v. Shansk*, 149 F.3d 1140, 1145 (10th Cir. 1998) (for predicate acts, plaintiff must plead more than conclusory allegations). Simply put, there is nothing alleged in plaintiff's complaint tending to show that defendant's purported conduct **to plaintiff** was so outrageous in character and beyond the bounds of decency that they could be liable for the tort of intentional infliction of emotional distress **to plaintiff**.

Finally, to the extent plaintiff has alleged any additional state law claims within the body of his complaint, the Court will also dismiss any remaining pendent state law claims based on the allegations contained in his complaint as written. *See* 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 29th day of July, 2019.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE